TAYLOR, Judge.
Under Rule 10(f), Rules of Appellate Procedure, we remand this case to the trial court. We are unable to find in the record any determination of whether the accused was found to be indigent or was found to be not indigent. The evidence seems to indicate the accused was placed on leave without pay when he was charged with this offense so that there is no evidence of a source of income. However, the trial judge seemed to recall that there had been a determination of indigency which does not appear in the record. If there was such a determination, it is important in the decision in this case that it be a part of the record. This case is remanded, ex mero motu, for further proceedings to determine whether or not there was in fact before the trial of the case a determination of indigen-cy or non-indigency.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
Larry Cedric Mays was indicted for theft in the first degree. He was charged in *206 count I of obtaining, by deception, control over a motor vehicle, in count II with fraudulent leasing of a motor vehicle, and in count III with failure to return the motor vehicle. The jury convicted him on all three counts and the court sentenced him to two years’ supervised probation.
The facts indicate that on August 30, 1984, Mays appeared at the office of Anita Anderson of Creative Leasing in Montgomery. He flashed a badge which said “State of Alabama,” and told her that he was doing undercover work for the State. He said that his car was in the shop and that he had permission to rent a car for undercover work. He signed a rental contract and used his credit card as evidence of ability to pay, although he stated to Mrs. Anderson that the State would pay for the rental. About two months and three weeks later, Mrs. Anderson verified Mays’s employment with the Department of Public Safety, and sent him a new tag sticker for the expired license tag on the car, requesting that he contact her immediately about payment. Mays did not respond to this letter. Finally, on January 8, 1985, Mrs. Anderson reported the car as stolen. It was recovered. Mrs. Anderson went to Mays’s place of employment and was told by his supervisor that Mays had no authority to rent a car. Mrs. Anderson testified at trial that she would not have leased the car to Mays without checking his American Express card if he had not represented himself to her as a police officer. The head of the State Capitol Police, Chief Cecil Humphrey, testified that Mr. Mays’s job had never included any undercover work.
Appellant contends that he was denied his Sixth Amendment right to counsel and that the trial court erred in refusing to grant a motion for a new trial on this ground.
Section 15-12-5(a), Code 1975, provides that the trial judge first having cognizance of a criminal proceeding in his court shall determine if the accused is an indigent. Pursuant to § 15-12-20, Code 1975, the trial judge, in any court created by authority of. the 1901 Constitution, shall, in all criminal cases, before arraignment, ascertain whether or not the defendant has arranged to be represented by counsel; desires the assistance of counsel; and is able, financially or otherwise, to obtain the assistance of counsel.
In making a determination on the issue of indigency “the judge shall recognize ability to pay as a variable depending on the nature, extent and liquidity of assets, the disposable net income of the defendant, the nature of the offense, the effort and skill required to gather pertinent information and the length and complexity of the proceedings.” § 15-12-5(b), Code 1975. Upon a determination that a defendant is, in fact, indigent, the trial court shall appoint counsel to represent the defendant, unless the defendant expressly waives the right to counsel. § 15-12-5(d), § 15-12-21, Code 1975.
As it was unclear from the record whether or not there had been a determination of indigency or non-indigency before trial, this court remanded this case, ex mero motu, to the trial court for further proceedings to determine if there had in fact been a determination of this issue prior to trial.
A review of the record on remand convinces this court that the trial court, after being apprised of the requisite factors, made a proper finding prior to trial that the appellant was not indigent. At arraignment the trial court was given an indigency form, signed by the appellant, which stated that he took home $606 every two weeks, that he had $1300 in an account at MAX Credit Union and that he had personal property valued at $5500. The record on remand reveals that, although appellant was placed on leave from his job as a capitol policeman when he was arrested, he was awarded full pay up until the date of his conviction.
Furthermore, at arraignment appellant told the trial court that either he or his family had retained Donald Watkins as his attorney. The trial court on remand stated that “I asked him point blank if he had the money to hire a lawyer and he said he did.”
*207 Upon the foregoing facts we find that the trial court committed no error in not appointing counsel to represent appellant, as every indication was that appellant was not indigent.
The appellant also contends that the trial court should have advised him that he had the right not to testify. The State made out a prima facie case against the appellant on each of the charged offenses. Any chance appellant had of clearing himself of the charged offenses rested upon his own testimony. We do not find, as contended by appellant, that appellant’s testimony adversely impacted his case.
The judgment of the trial court is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.